Lauren O. Miller (CA SBN 279448)
millerl@tesla.com
510-362-3599
Ryan A. McCarthy (CA SBN 233093)
rmccarthy@tesla.com
510-602-3267
**TESLA INC.**
3000 Hanover Street
Palo Alto, CA 94304

Attorneys for Defendant TESLA, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA SULTANI, and S.S., a minor, by and through her Guardian Ad Litem EHSAN SULTANI,<br><br>    Plaintiff,<br><br>  vs.<br><br>TESLA, INC., doing business in California as TESLA MOTORS, INC., and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. _____<br><br>[Originally Filed in Sacramento County Superior Court, Case No. 24CV004635]<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332 DIVERSITY JURISDICTION DECLARATION OF LAUREN O. MILLER**<br><br>Date Filed: March 8, 2024 |

  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:**

  **PLEASE TAKE NOTICE** that Defendant Tesla, Inc. ("Tesla") hereby removes the above-entitled action from the Sacramento County Superior Court of the State of California ("State Court"), where the above-entitled action (the "Action") was filed, to the United States District Court for the Eastern District of California.

/ / /

/ / /

/ / /

**I.**

**TIMELINESS OF REMOVAL**

1.      On May 12, 2023, Plaintiffs Laila Sultani and S.S. were involved in a vehicle collision wherein they allege they were "pulling into their driveway [when] the SUBJECT VEHICLE accelerated into and through their garage door…causing injury to the Plaintiffs."  (*See* the Declaration of Lauren O. Miller ("Miller Decl."), ¶ 2, Ex. A [Compl.] at ¶ 9.). On March 8, 2024, Plaintiffs Laila Sultani and S.S., the latter through her Guardian ad Litem Eshan Sultani ("Plaintiffs"), commenced the Action in the State Court by filing their Complaint ("Complaint") entitled *Laila Sultani, and S.S., a minor, by and through her Guardian ad Litem Eshan* [sic] *Sultani v. Tesla, Inc., and Does 1 through 50, inclusive*, Superior Court of California for the County of Sacramento, Case No. 24CV004635. (*See* Miller Decl., ¶ 2, Ex. A.). The Complaint alleges three causes of action against Tesla for (1) strict products liability— defective design, manufacturing, and failure to warn, (2) negligence—products, and (3) negligence—post-sale.  (*Id*.).

2.      On April 4, 2024, Plaintiffs filed an Amended Complaint, containing the same causes of action.  (Miller Decl., ¶ 3, Ex. B [Amended Compl.]).  The Amended Complaint modified the caption to correct a typographical error in the Guardian's name and to identify Tesla's d/b/a: *Laila Sultani, and S.S., a minor, by and through her Guardian ad Litem Ehsan Sultani v. Tesla, Inc., doing business in California as Tesla Motors, Inc., and Does 1 through 50, inclusive.*

3.      Plaintiffs did not serve the original Complaint, rather they effectuated service of the Summons and Amended Complaint on Tesla on April 18, 2024. (Miller Decl., ¶ 3, Ex. B). Tesla is the only defendant named in the operative Complaint, and the only defendant to have been served with the Summons and Amended Complaint in the Action. (Miller Decl., ¶ 4).

4.      Because Tesla files this Notice of Removal within 30 days of the date of service of the Summons and Amended Complaint, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

/ / /

PETITION AND NOTICE OF REMOVAL

## II.

### VENUE

5.     Pursuant to 28 U.S.C. § 1441(a) and 1446(b), venue is proper in the Eastern District. This action was originally filed in the Superior Court of the State of California, County of Sacramento. (Miller Decl., ¶ 2, Ex. A).

### III.

### DIVERSITY JURISDICTION

6.     This is a civil action over which this Court has original jurisdiction, and one in which Tesla may remove to this Court pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, as explained further below.

7.     **Citizenship of Parties**. The parties in this case are two individuals and a corporation. For diversity purposes, a natural person is a "citizen" of the state where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Coury v. Prot*, 85 F.3d 244, 249-250 (5th Cir. 1996). Here, Plaintiffs are residents of Sacramento County in the State of California.  Plaintiffs allege in their Amended Complaint that the Sacramento County Court is a proper venue "because the injuries giving rise to this action occurred within the County of Sacramento" and that the incident occurred as Plaintiffs were "pulling into their driveway." (Miller Decl., ¶ 3, Ex. B, ¶¶ 7, 9). While not explicitly alleging they live within the Eastern District, these two allegations taken together make clear they reside in Sacramento.

8.     Defendant Tesla is a corporation. A corporation is a "citizen" in both the state in which it was incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). As of April 18, 2024 when served with the Amended Complaint, and as of this filing, Tesla is a Delaware Corporation with its principal place of business located at 1Tesla Road, Austin, Texas 78725. (Miller Decl., ¶ 5.). The Amended Complaint erroneously asserts Tesla's principal place of business to be in Palo Alto, California (Ex. B, ¶ 3); Tesla relocated its headquarters and principal place of business from Palo Alto to Austin, Texas on December 1, 2022. (Miller Decl., ¶ 5.).

9.      Plaintiffs also named Doe defendants in the Complaint. However, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

10.      **Amount in Controversy Exceeds $75,000**. Diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Here, Plaintiff seeks damages for pain and suffering, past and future medical expenses, and lost learnings and earning capacity for each of the two individuals involved in the collision. (Miller Decl., ¶ 3, Ex. B, pp. 9-10, Prayer). Plaintiffs also seek damages in terms of interest, for costs of the suit, and any relief that the Court may find proper. (*Id.*).

11.      Tesla's counsel met and conferred with Plaintiffs' counsel and requested a stipulation that the Plaintiffs' damages would not exceed $75,000 and Plaintiffs' counsel declined, stating the damages sought would exceed that amount. (Miller Decl., ¶ 6.) Plaintiffs' counsel also indicated they would not oppose or otherwise seek remand following removal. (*Id.*).

12.      Based on Plaintiffs' Amended Complaint and the damages sought, the amount in controversy exceeds the jurisdictional amount of $75,000. *Compare* 28 U.S.C. § 1446(c)(2)(A)(ii) ("the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a monetary judgment, but the State practice either does not permit demand for a specific sum . . .") *with* Cal. Code Civ. Proc. § 425.10(b) (". . . where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated . . ."); *see also* 28 U.S.C. § 1446(c)(2)(B) (the amount in controversy requirement is satisfied "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."); *Arias v. Residence Inn by Marriot*, 936 F.3d 920 (9th Cir. 2019) (reiterating that a "notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.").

## IV.

## **PROCEDURAL STATEMENT**

13.    Pursuant to 28 U.S.C. § 1446(d), Notice of this Removal will be promptly served on counsel of record for Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Sacramento, as required by law.

14.    Tesla filed its answer in state court on May 10, 2024. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other papers received by Tesla to date are attached to this Notice of Removal. (Miller Decl., ¶¶ 2, 3 and 7, Exs. A [Comp.], B [Amended Complaint] and C [Answer].).

15.    No previous Notice of Removal has been filed in this Action.

16.    Tesla reserves the right to amend or supplement this Notice of Removal.

17.    By filing this Notice of Removal, Tesla does not waive, either expressly or impliedly, its rights to assert any defense which it could have asserted in the Superior Court of the State of California for the County of Sacramento. If any question arises as to the propriety of the removal of this action, Tesla respectfully requests an opportunity to present a brief, additional evidence, and oral argument on this issue.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

**V.**

**CONCLUSION**

18.    For the foregoing reasons, this Court has jurisdiction over the instant action under the provisions of 28 U.S.C. § 1332(a) because the action involves a controversy that exceeds the value of $75,000, exclusive of interest and costs, and because complete diversity exists between Plaintiff and Tesla. Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Tesla respectfully requests that the Court assume jurisdiction over this action.


DATED:  May 18, 2024                             TESLA, INC.



                                    By:    _____
                                           Ryan A. McCarthy
                                           Lauren O. Miller
                                           Attorneys for Defendant
                                           TESLA, INC.

# EXHIBIT A

## DECLARATION OF LAUREN O. MILLER

1.      I am employed by Tesla, Inc. as Senior Counsel and I submit this Declaration in support of Tesla's Removal of this action to Federal Court. The following matters are based on my personal knowledge. If called as a witness, I would testify competently to the matters set forth herein.

2.      Attached as Exhibit A is a true and correct copy of the Complaint filed in this action.

3.      Attached as Exhibit B is a true and correct copy of the Amended Complaint filed in this action, containing the same causes of action as the original Complainy.

4.      Plaintiffs did not serve the original Complaint, rather they effectuated service of the Summons and Amended Complaint on Tesla on April 18, 2024. Tesla is the only defendant named in the operative Complaint, and the only defendant to have been served with the Summons and Amended Complaint in the Action.

5.      Defendant Tesla is a corporation. As of April 18, 2024 when served with the Amended Complaint, and as of this filing, Tesla is a Delaware Corporation with its principal place of business located at 1 Tesla Road, Austin, Texas 78725. Tesla relocated its headquarters and principal place of business from Palo Alto to Austin, Texas on December 1, 2022.

6.      Tesla's counsel met and conferred with Plaintiffs' counsel and requested a stipulation that the Plaintiffs' damages would not exceed $75,000 and Plaintiffs' counsel declined, stating the damages sought would exceed that amount.  Plaintiffs' counsel also indicated they would not oppose or otherwise seek remand following removal.

7.      Tesla filed its answer in state court on May 10, 2024. Attached as Exhibit C is a true and correct copy of the as-filed Answer.

/ / /

/ / /

/ / /

/ / /

7

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on May 18, 2024 at San Jose, California

DATED: May 18, 2024

By: _____

Lauren O. Miller

PETITION AND NOTICE OF REMOVAL

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
03/08/2024
By: _____ H. Larson _____ Deputy

1  RYAN L. DOSTART, ESQ. / SBN: 281539
   **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
2  20 Bicentennial Circle
   Sacramento, CA 95826
3  Telephone:  (916) 379-3500
   Facsimile:  (916) 379-3599
4  DBBWC-ESERVICE@dbbwc.com

5  Attorneys for Plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11  LAILA SULTANI, and S▮▮▮ S▮▮▮▮▮, a          Case No.: 24CV004635
    minor, by and through her Guardian Ad
12  Litem ESHAN SULTANI,                       **COMPLAINT**

13        Plaintiff,

14        v.

15  TESLA INC., and DOES 1 through 50,
    inclusive,
16
          Defendants.
17

18        Plaintiffs LAILA SULTANI and S▮▮▮ S▮▮▮▮▮ complain against Defendants TESLA INC.,

19  and DOES 1 through 50, and alleges as follows:

20        **GENERAL ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION**

21        1.      On May 12, 2023, Plaintiff LAILA SULTANI was operating the 2023 Tesla Model 3,

22  herein after known as "SUBJECT VEHICLE", with Plaintiff S▮▮▮ S▮▮▮▮▮ in the front passenger

23  seat. They were injured when they used a defective and dangerous electric vehicle and as a result

24  thereof suffered damages.

25        2.      Plaintiffs are informed and believe, and thereupon allege that the injuries and

26  damages suffered by Plaintiffs LAILA SULTANI and S▮▮▮ S▮▮▮▮▮, mother and daughter, were

27  caused by Defendant TESLA INC., and DOES, and each of them, as described herein, for which

28  Defendants owe Plaintiffs money damages.  Accordingly, Plaintiffs LAILA SULTANI and S▮▮▮

                                      -1-
**Complaint**

1   S███████, now assert causes of action against the above-named Defendants on negligence and
2   strict liability theories under California law.

3       3.    The true names and/or capacities, whether individual, corporate, associate or
4   otherwise of Defendants DOES 1 through 50, inclusive, and each of them, are unknown to
5   Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs LAILA SULTANI
6   and S████ S██████ are informed and believe, and thereupon allege, that each of the defendants
7   fictitiously named herein as DOES 1 through 50, inclusive, is legally responsible in some manner
8   at law or equity, by virtue of strict liability, principles, negligence, failure to warn, or warranty, or
9   through some other actionable theories, for the events and happenings hereinafter referred to as
10  substantial factors in causing the injuries and damages to Plaintiffs LAILA SULTANI and S█████
11  S█████ as alleged herein. Plaintiffs LAILA SULTANI and SAMAR SULTANI will seek leave of Court
12  to amend this Complaint to assert the true names and/or capacities and applicable legal theories
13  against such fictitiously named defendants when the same have been ascertained.

14      4.    Plaintiffs LAILA SULTANI and S████ S██████ are informed and believe, and
15  thereupon allege that, at all times mentioned herein, Defendant TESLA, INC., and DOES, and
16  each of them, was and is a corporation organized under the laws of the State of Delaware, with
17  its principal place of business in Palo Alto, California, in the County of Santa Clara, which has
18  regularly done and is doing business in the State of California.

19      5.    Plaintiffs LAILA SULTANI and S████ S██████ are informed and believe, and
20  thereupon allege, that at all times herein mentioned, Defendant TESLA INC., and DOES, and each
21  of them, acted as the agent, servant, partner, franchisee, joint venturer, and/or employee of
22  each of the other Defendant TESLA INC., and DOES, and each of them within the course and scop
23  of such agency and authority.

24      6.    Plaintiffs LAILA SULTANI and S████ S██████ are informed and believe, and
25  thereupon allege, that at all times herein mentioned, Defendant TESLA INC., and DOES, and each
26  of them, designed, tested, developed, manufactured, fabricated, assembled, distributed, bought,
27  inspected, serviced, repaired, warranted, and sold the subject vehicles which were used for
28  ultimate use by consumers that caused Plaintiffs' injuries and damages as described herein.

-2-

**Complaint**

1  Defendant TESLA INC., and DOES, and each of them, is an American corporation specializing in,
2  among other things, the design, manufacture, sale, and distribution of electric powered vehicles.

3       7.    This court has proper venue because the injuries giving rise to this action occurred
4  within the County of Sacramento.

5       8.    Plaintiffs LAILA SULTANI and S     S     are informed and believe, and
6  thereupon allege, that on or about May 12, 2023, the SUBJECT VEHICLE that was designed,
7  manufactured, rented, marketed, sold, and otherwise placed in the stream of commerce by
8  Defendant TESLA INC., and DOES, and each of them, and was being used in a reasonably
9  foreseeable manner by Plaintiffs LAILA SULTANI and S     S     when Plaintiffs were injured
10  while pulling into their driveway.

11       9.    Plaintiffs LAILA SULTANI and S     S     are informed and believe, and
12  thereupon allege, that during Plaintiffs' pulling into their driveway the SUBJECT VEHICLE
13  accelerated into and through their garage door, whereby hitting the parked vehicle inside the
14  garage and then the garage wall, wherein the SUBJECT VEHICLE continued accelerating into the
15  water softener tank and wall cabinets where the SUBJECT VEHICLE finally came to a stop,
16  causing injury to the Plaintiffs.

17  **FIRST CAUSE OF ACTION**
**(STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN,**
18  **MANUFACTURING, AND FAILURE TO WARN)**
**As Against Defendants Tesla Inc., and DOES 1 through 50, inclusive, and each of them.**
19

20       10.    Plaintiffs LAILA SULTANI and S     S     incorporate by reference each and
21  every preceding allegation as though fully set forth herein.

22       11.    It is hereby alleged against all Defendants, and each of them, that under California
23  strict product liability law, that Plaintiffs LAILA SULTANI and S     S     had reasonable
24  expectations as consumers that the design of the SUBJECT VEHICLE would reasonably protect
25  against full frontal impact collisions.  Defendants, and each of them, knew of the importance of
26  having a passenger protection system to perform in a manner as safely as an ordinary consumer
27  would expect.

28       12.    It is also hereby alleged against all Defendants, and each of them, that under

-3-

**Complaint**

1  California strict product liability law, that Plaintiffs LAILA SULTANI and S⬛ S⬛ had a
2  reasonable expectation as consumers that the SUBJECT VEHICLE's electronically powered and
3  computer controlled technology would reasonably perform as designed, manufactured, and
4  programmed by Defendants, and each of them, to control all aspects of the vehicle's operation,
5  including the drivetrain, emergency automatic braking system, the autopilot system, and
6  acceleration system to perform in a manner as an ordinary consumer would expect.

7      13.    Prior to the date that the SUBJECT VEHICLE involved in this incident was designed
8  and manufactured, Defendants, and each of them, knew the occupants of the SUBJECT VEHICLE
9  would not be reasonably protected against full frontal impact collisions. Defendant TESLA INC.,
10  and DOES, and each of them, knew from their own testing and from reports available to them via
11  the National Highway Transportation Safety Administration that the SUBJECT VEHICLE was prone
12  to episodes of unwanted, unwarranted, or un-commanded acceleration, and had inadequate
13  sensors and onboard systems to prevent it from doing so, thereby placing occupants at risk.

14      14.    At the time the above-descried the SUBJECT VEHICLE left the possession of
15  Defendants TESLA INC. and DOES 1 – 50, and each of them, it was in a defective condition as
16  that term is understood under California law and was unreasonably dangerous when used in a
17  reasonably foreseeable manner.  The SUBJECT VEHICLE constituted a defective product rendering
18  Defendants, and each of them, strictly liable in tort.

19      15.    Defendant TESLA INC., and DOES, and each of them herein, failed to meet the
20  expectations of the reasonable consumer by placing on the market the SUBJECT VEHICLE which
21  failed to incorporate an autopilot system that included safety components preventing the vehicle
22  from automatically accelerating without direction from the operator and provide active automatic
23  collision avoidance in a manner which detected objects the car might impact and apply the brakes
24  so as to avoid impact, injury, or death to the vehicles occupants.

25      16.    By reason of the omission of the above-described safety features from the SUBJECT
26  VEHICLE, on and prior to the date of the Plaintiffs LAILA SULTANI and S⬛ S⬛ 'S injuries,
27  the SUBJECT VEHICLE was defective in its design in that the passenger protection systems of the
28  vehicle would not, could not, and did not perform in a manner as safely as an ordinary consumer

-4-

**Complaint**

1  would expect. Further, the SUBJECT VEHICLE as designed caused injury to Plaintiffs LAILA

2  SULTANI and S███ S█████, mother and daughter, when the SUBJECT VEHICLE failed to

3  perform as it should have.

4       17.    In contrast to most other automobiles sold in the United States, Defendant Tesla's

5  Model 3 vehicles do not have an internal combustion engine.  Rather, all of the systems within

6  the SUBJECT VEHICLE are electronically powered and are controlled by computers and

7  microprocessors which have been designed, manufactured, and programmed by Defendant's

8  engineers.  Such computers, microprocessors, and programs control all aspects of the vehicle's

9  operation, including the drivetrain, emergency automatic braking system, the autopilot system,

10  and acceleration system.

11       18.    Based on Defendants TESLA INC. and DOES 1 – 50, and each of them, advertising

12  and promotional material, Plaintiffs LAILA SULTANI and S███ S█████ believed that the

13  SUBJECT VEHICLE's technology was such that the designed-in programs, software, hardware, and

14  systems would prevent the vehicle from automatic acceleration without driver input.

15       19.    The Plaintiffs LAILA SULTANI and S███ S█████ reasonably believed the

16  SUBJECT VEHICLE was safer than a human-operated vehicle because Defendants TESLA INC. and

17  DOES 1 – 50, and each of them, claimed that all of the safe-driving safety components

18  engineered into the vehicle would prevent automatic acceleration without the operator's control.

19       20.    All Tesla vehicles, including the SUBJECT VEHICLE, which is the subject of this

20  lawsuit, rely upon a system of external sensors which, by design, should prevent the vehicle from

21  automatically accelerating without the vehicle's operator's direction.  The vehicle should not

22  accelerate, without the input of the operator, in such a way as to cause damage, harm, or injury.

23       21.    At the time of the design, manufacture, distribution, and delivery into the stream of

24  commerce of the SUBJECT VEHICLE, it lacked a safe and properly functioning acceleration

25  system.  As a result, it could and would unexpectantly accelerate without the vehicle operator's

26  knowledge or intention.

27       22.    Notwithstanding the fact that the SUBJECT VEHICLE was marketed and sold as a

28  "state of the art" automobile, the vehicle was without effective safe acceleration and crash

-5-

**Complaint**

avoidance features that were operable on the date of this collision. By that date, multiple other manufacturers of less expensive vehicles, including Subaru, Mazda, Chrysler Mitsubishi, and Honda, all had vehicles in production with safe acceleration system features available no later than the 2015 Model year.

23.    Plaintiff LAILA SULTANI purchased the SUBJECT VEHICLE from the Defendants TESLA INC. and DOES 1 – 50, and each of them, in May 2023. At no time at or after the purchase of said vehicle did Plaintiffs LAILA SULTANI and S█████ S███████ or any person on her behalf, alter, modify, or change any aspect or component of the vehicle's design or manufacture.

24.    By reason of the foregoing, and as a direct and legal result of the defective state of the SUBJECT VEHICLE, and strictly liable conduct of Defendants, and DOES, and each of them, Plaintiffs LAILA SULTANI and S█████ S███████, sustained bodily injuries and were injured in their health, strength, and activity, sustaining injuries to their bodies, and shock and injury to their nervous systems and person, all of which have caused, and continue to cause Plaintiffs great physical, mental, and nervous pain and suffering.

25.    As a direct and proximate result of the alleged defects in the SUBJECT VEHICLE and the conduct of Defendants TESLA INC. and DOES 1 – 50, and each of them, Plaintiffs LAILA SULTANI and S█████ S███████, were compelled to, did, and will in the future employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat them, and did incur hospital, medical, professional and incidental expenses. Plaintiffs LAILA SULTANI and S█████ S███████ are further informed and believe, and thereupon allege, that by reasons of their injuries, they will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which will be stated according to proof.

26.    By reason of the forgoing, Plaintiffs LAILA SULTANI and S█████ S███████, have sustained economic and non-economic damages as set forth herein, the exact amount of such losses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

27.    Said conduct, in addition to establishing liability based upon strict product liability rules in California, constitutes foreseeable general negligence by Defendants TESLA INC. and

-6-

1  DOES 1 – 50, and each of them.

2      WHEREFORE, Plaintiffs LAILA SULTANI and S███ S████ pray for judgment against
3  Defendants TESLA INC. and DOES 1 – 50, and each of them, inclusive, as follows:

4      1.    General damages in an amount as yet unknown, but in excess of the minimum
5  jurisdictional limit of this court;

6      2.    For all past and future medical and incidental expenses, according to proof;

7      3.    All loss of earning and earning capacity, according to proof;

8      4.    Prejudgment interest according to law on all general and special damages;

9      5.    For cost of suit as to all Defendants; and,

10     6.    For such other and further relief as this court may deem just and proper.

11     As a separate second cause of action, Plaintiffs LAILA SULTANI and S███ S████
12  complain against Defendants TESLA INC. and DOES 1 – 50, and each of them, and allege:

13                          **SECOND CAUSE OF ACTION**
                            **(NEGLIGENCE - PRODUCTS)**
14  **As Against Defendants Tesla Inc., and DOES 1 through 50, inclusive, and each of them.**

15     28.   Plaintiffs LAILA SULTANI and S███ S████ reallege and incorporate their First
16  Cause of Action as if set forth here at length.

17     29.   Said conduct, in addition to establishing liability based upon strict product liability
18  rules in California, constitutes foreseeable general negligence by Defendants and each of them.
19  Their conduct in the designing, marketing, use, set up, inspection, testing, and warning to
20  consumers who use the SUBJECT VEHICLE automobile was unreasonable and dangerous under
21  the circumstances.

22     30.   At all relevant times herein, Defendants TESLA INC., and DOES, and each of them,
23  were negligent and careless in their design, manufacture, testing, marketing, sale and
24  maintenance of the SUBJECT VEHICLE, and Defendants TESLA INC., and DOES, and each of
25  them, were negligent and careless in failing to provide adequate instructions and warnings to
26  protect against injuries occurring as a result of vehicle acceleration malfunction, as occurred here.

27     31.   By reason of the foregoing, and as a direct and legal cause of the negligence and
28  carelessness of the Defendants TESLA INC., and DOES, and each of them, Plaintiffs LAILA

---

-7-

**Complaint**

1  SULTANI and S███ S██████ have incurred economic damages, the precise amount of such
2  expenses by way of amendment when the same have finally been determined.

3      32.  By reason of the foregoing, and as a direct and legal result of the negligence and
4  carelessness of Defendants TESLA INC., and DOES, and each of them, Plaintiffs LAILA SULTANI
5  and S████ S██████ have sustained non-economic damages in a sum in excess of the minimum
6  jurisdictional limits of this court.

7      WHEREFORE, Plaintiffs LAILA SULTANI and S███ S██████ pray for judgment against
8  Defendants, TESLA INC., and DOES 1 through 50, inclusive, and each of them, as follows:

9      1.  General damages in an amount as yet unknown, but in excess of the minimum
10  jurisdictional limit of this court;

11      2.  For all past and future medical and incidental expenses, according to proof;

12      3.  All loss of earning and earning capacity, according to proof;

13      4.  Prejudgment interest according to law on all general and special damages;

14      5.  For cost of suit as to all Defendants; and,

15      6.  For such other and further relief as this court may deem just and proper.

16                    **THIRD CAUSE OF ACTION**
**(NEGLIGENCE – POST-SALE)**
17  **As Against Defendants Tesla Inc., and DOES 1 through 50, inclusive, and each of them.**

18      31.  Plaintiffs LAILA SULTANI and S███ S██████ reallege and incorporate their First
19  Two Causes of Action as if set forth here at length.

20      32.  For the reasons set forth above, and as a result of information acquired after the
21  design and marketing of the SUBJECT VEHICLE, which such information was acquired through
22  lawsuits, claims, information available from the U.S. Department of Transportation and the
23  National Highway Transportation Safety Administration, as well as other sources, the of
24  Defendants TESLA INC., and DOES, and each of them, herein knew or should have known that the
25  SUBJECT VEHICLE was likely to cause injury to its occupants by automatically accelerating without
26  the operator's direction when used in a reasonably foreseeable manner.

27      33.  At all times relevant herein, Defendants TESLA INC. and DOES 1 – 50, and each of
28  them, had the technical ability and knowledge to identify purchasers, owners, and/or users of the

-8-

**Complaint**

1  SUBJECT VEHICLE being driven by the Plaintiffs.

2      34.    At all times herein mentioned, Defendants TESLA INC. and DOES 1 – 50, and each
3  of them, knew or should have known that purchasers, owners and/or users of the Tesla Model 3
4  such as the SUBJECT VEHICLE used by the Plaintiffs were unaware of defects in the vehicle.

5      35.    At all times herein mentioned, a reasonable and truthful notification, notice,
6  advisory, and/or warning could have been effectively communicated to, and acted on, by
7  purchasers, owners, and/or users of the SUBJECT VEHICLE as to avoid injury from vehicles
8  automatically accelerating without operator direction.

9      36.    At all times herein mentioned, a reasonable manufacturer, supplier, seller, or
10 distributor in the same or similar position as Defendants TESLA INC. and DOES 1 – 50, and each
11 of them, would have issued a recall, instituted a product exchange program, and/or provided a
12 warning to the public, purchasers, users, and consumers of the SUBJECT VEHICLE of the product's
13 affected condition, in light of the risk of harm and despite any burden imposed by providing a
14 warning.

15     37.    By reasons foregoing, and as a direct and legal result of the negligent failure of
16 Defendants TESLA INC. and DOES 1 – 50, and each of them, to issue a recall, institute a product
17 exchange program, and/or provide an adequate warning, notice, notification, or any warning or at
18 all, to the public, purchasers, users, and consumers of the SUBJECT VEHICLE after the original
19 introduction of the vehicle into the U.S. market, Plaintiffs LAILA SULTANI and S     S
20 suffered injuries herein described.

21     38.    By reason of the forgoing and as a direct and legal result of the foregoing, Plaintiffs
22 LAILA SULTANI and S    S      were caused to suffer the injuries, harms, and losses herein
23 described.

24     WHEREFORE, Plaintiffs LAILA SULTANI and S    S      pray for judgment against
25 Defendants, TESLA INC., and DOES 1 through 50, inclusive, and each of them, as follows:

26     1.    General damages in an amount as yet unknown, but in excess of the minimum
27 jurisdictional limit of this court;

28     2.    For all past and future medical and incidental expenses, according to proof;

-9-

**Complaint**

3.     All loss of earning and earning capacity, according to proof;

4.     Prejudgment interest according to law on all general and special damages;

5.     For cost of suit as to all Defendants; and,

6.     For such other and further relief as this court may deem just and proper.

DATED: March 8, 2024         **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By:_____
        RYAN L. DOSTART

-10-

**Complaint**

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
04/04/2024
By: _____ K. Johnson _____ Deputy

1 | RYAN L. DOSTART, ESQ. / SBN: 281539
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
2 | 20 Bicentennial Circle
Sacramento, CA 95826
3 | Telephone:  (916) 379-3500
Facsimile:  (916) 379-3599
4 | DBBWC-ESERVICE@dbbwc.com

5 | Attorneys for Plaintiff

6

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SACRAMENTO

10

11 | LAILA SULTANI, and S███ S███ a    Case No.:
minor, by and through her Guardian Ad
12 | Litem EHSAN SULTANI,    **AMENDED COMPLAINT**

13 |     Plaintiff,

14 |     v.

15 | TESLA INC., doing business in California as
TESLA MOTORS, INC., and DOES 1 through
16 | 50, inclusive,

17 |     Defendants.

18 |     Plaintiffs LAILA SULTANI and S███ S███ complain against Defendants TESLA INC.,
19 | and DOES 1 through 50, and alleges as follows:

20 |     **GENERAL ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION**

21 |     1.    On May 12, 2023, Plaintiff LAILA SULTANI was operating the 2023 Tesla Model 3,
22 | herein after known as "SUBJECT VEHICLE", with Plaintiff S███ S███ in the front passenger
23 | seat. They were injured when they used a defective and dangerous electric vehicle and as a result
24 | thereof suffered damages.
25 |     2.    Plaintiffs are informed and believe, and there upon allege that the injuries and
26 | damages suffered by Plaintiffs LAILA SULTANI and S███ S███ mother and daughter, were
27 | caused by Defendant TESLA INC., doing business in California as TESLA MOTORS, INC., herein
28 | after known as "TESLA INC." and DOES, and each of them, as described herein, for which

-1-

**Amended Complaint**

1   Defendants owe Plaintiffs money damages.  Accordingly, Plaintiffs LAILA SULTANI and S█████
2   S███████ now assert causes of action against the above-named Defendants on negligence and
3   strict liability theories under California law.

4       3.      The true names and/or capacities, whether individual, corporate, associate or
5   otherwise of Defendants DOES 1 through 50, inclusive, and each of them, are unknown to
6   Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs LAILA SULTANI
7   and S████ S███████ are informed and believe, and thereupon allege, that each of the defendants
8   fictitiously named herein as DOES 1 through 50, inclusive, is legally responsible in some manner
9   at law or equity, by virtue of strict liability, principles, negligence, failure to warn, or warranty, or
10  through some other actionable theories, for the events and happenings hereinafter referred to as
11  substantial factors in causing the injuries and damages to Plaintiffs LAILA SULTANI and S█████
12  S████████ as alleged herein. Plaintiffs LAILA SULTANI and S██████ S███████ will seek leave of Court
13  to amend this Complaint to assert the true names and/or capacities and applicable legal theories
14  against such fictitiously named defendants when the same have been ascertained.

15      4.      Plaintiffs LAILA SULTANI and S██████ S███████ are informed and believe, and
16  thereupon allege that, at all times mentioned herein, Defendant TESLA, INC., and DOES, and
17  each of them, was and is a corporation organized under the laws of the State of Delaware, with
18  its principal place of business in Palo Alto, California, in the County of Santa Clara, which has
19  regularly done and is doing business in the State of California.

20      5.      Plaintiffs LAILA SULTANI and S██████ S███████ are informed and believe, and
21  thereupon allege, that at all times herein mentioned, Defendant TESLA INC., and DOES, and each
22  of them, acted as the agent, servant, partner, franchisee, joint venturer, and/or employee of
23  each of the other Defendant TESLA INC., and DOES, and each of them within the course and scop
24  of such agency and authority.

25      6.      Plaintiffs LAILA SULTANI and S██████ S███████ are informed and believe, and
26  thereupon allege, that at all times herein mentioned, Defendant TESLA INC., and DOES, and each
27  of them, designed, tested, developed, manufactured, fabricated, assembled, distributed, bought,
28  inspected, serviced, repaired, warranted, and sold the subject vehicles which were used for

-2-

**Amended Complaint**

1 | ultimate use by consumers that caused Plaintiffs' injuries and damages as described herein.
2 | Defendant TESLA INC., and DOES, and each of them, is an American corporation specializing in,
3 | among other things, the design, manufacture, sale, and distribution of electric powered vehicles.

4      7.      This court has proper venue because the injuries giving rise to this action occurred
5 | within the County of Sacramento.

6      8.      Plaintiffs LAILA SULTANI and S███ S███ are informed and believe, and
7 | thereupon allege, that on or about May 12, 2023, the SUBJECT VEHICLE that was designed,
8 | manufactured, rented, marketed, sold, and otherwise placed in the stream of commerce by
9 | Defendant TESLA INC., and DOES, and each of them, and was being used in a reasonably
10 | foreseeable manner by Plaintiffs LAILA SULTANI and S███ S███ when Plaintiffs were injured
11 | while pulling into their driveway.

12      9.      Plaintiffs LAILA SULTANI and S███ S███ are informed and believe, and
13 | thereupon allege, that during Plaintiffs' pulling into their driveway the SUBJECT VEHICLE
14 | accelerated into and through their garage door, whereby hitting the parked vehicle inside the
15 | garage and then the garage wall, wherein the SUBJECT VEHICLE continued accelerating into the
16 | water softener tank and wall cabinets where the SUBJECT VEHICLE finally came to a stop,
17 | causing injury to the Plaintiffs.

18
### FIRST CAUSE OF ACTION
**(STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN,**
19
**MANUFACTURING, AND FAILURE TO WARN)**
**As Against Defendants Tesla Inc., and DOES 1 through 50, inclusive, and each of them.**
20

21      10.      Plaintiffs LAILA SULTANI and S███ S███ incorporate by reference each and
22 | every preceding allegation as though fully set forth herein.

23      11.      It is hereby alleged against all Defendants, and each of them, that under California
24 | strict product liability law, that Plaintiffs LAILA SULTANI and S███ S███ had reasonable
25 | expectations as consumers that the design of the SUBJECT VEHICLE would reasonably protect
26 | against full frontal impact collisions. Defendants, and each of them, knew of the importance of
27 | having a passenger protection system to perform in a manner as safely as an ordinary consumer
28 | would expect.

-3-

**Amended Complaint**

1    12.    It is also hereby alleged against all Defendants, and each of them, that under
2  California strict product liability law, that Plaintiffs LAILA SULTANI and S███████ S████████ had a
3  reasonable expectation as consumers that the SUBJECT VEHICLE's electronically powered and
4  computer controlled technology would reasonably perform as designed, manufactured, and
5  programmed by Defendants, and each of them, to control all aspects of the vehicle's operation,
6  including the drivetrain, emergency automatic braking system, the autopilot system, and
7  acceleration system to perform in a manner as an ordinary consumer would expect.

8    13.    Prior to the date that the SUBJECT VEHICLE involved in this incident was designed
9  and manufactured, Defendants, and each of them, knew the occupants of the SUBJECT VEHICLE
10 would not be reasonably protected against full frontal impact collisions. Defendant TESLA INC.,
11 and DOES, and each of them, knew from their own testing and from reports available to them via
12 the National Highway Transportation Safety Administration that the SUBJECT VEHICLE was prone
13 to episodes of unwanted, unwarranted, or un-commanded acceleration, and had inadequate
14 sensors and onboard systems to prevent it from doing so, thereby placing occupants at risk.

15   14.    At the time the above-descried the SUBJECT VEHICLE left the possession of
16 Defendants TESLA INC. and DOES 1 – 50, and each of them, it was in a defective condition as
17 that term is understood under California law and was unreasonably dangerous when used in a
18 reasonably foreseeable manner. The SUBJECT VEHICLE constituted a defective product rendering
19 Defendants, and each of them, strictly liable in tort.

20   15.    Defendant TESLA INC., and DOES, and each of them herein, failed to meet the
21 expectations of the reasonable consumer by placing on the market the SUBJECT VEHICLE which
22 failed to incorporate an autopilot system that included safety components preventing the vehicle
23 from automatically accelerating without direction from the operator and provide active automatic
24 collision avoidance in a manner which detected objects the car might impact and apply the brakes
25 so as to avoid impact, injury, or death to the vehicles occupants.

26   16.    By reason of the omission of the above-described safety features from the SUBJECT
27 VEHICLE, on and prior to the date of the Plaintiffs LAILA SULTANI and S███████ S████████ injuries,
28 the SUBJECT VEHICLE was defective in its design in that the passenger protection systems of the

-4-

**Amended Complaint**

1   vehicle would not, could not, and did not perform in a manner as safely as an ordinary consumer
2   would expect. Further, the SUBJECT VEHICLE as designed caused injury to Plaintiffs LAILA
3   SULTANI and S███████ S███████ mother and daughter, when the SUBJECT VEHICLE failed to
4   perform as it should have.

5       17.   In contrast to most other automobiles sold in the United States, Defendant Tesla's
6   Model 3 vehicles do not have an internal combustion engine. Rather, all of the systems within
7   the SUBJECT VEHICLE are electronically powered and are controlled by computers and
8   microprocessors which have been designed, manufactured, and programmed by Defendant's
9   engineers. Such computers, microprocessors, and programs control all aspects of the vehicle's
10  operation, including the drivetrain, emergency automatic braking system, the autopilot system,
11  and acceleration system.

12      18.   Based on Defendants TESLA INC. and DOES 1 – 50, and each of them, advertising
13  and promotional material, Plaintiffs LAILA SULTANI and S███████ S███████ believed that the
14  SUBJECT VEHICLE's technology was such that the designed-in programs, software, hardware, and
15  systems would prevent the vehicle from automatic acceleration without driver input.

16      19.   The Plaintiffs LAILA SULTANI and S███████ S███████ reasonably believed the
17  SUBJECT VEHICLE was safer than a human-operated vehicle because Defendants TESLA INC. and
18  DOES 1 – 50, and each of them, claimed that all of the safe-driving safety components
19  engineered into the vehicle would prevent automatic acceleration without the operator's control.

20      20.   All Tesla vehicles, including the SUBJECT VEHICLE, which is the subject of this
21  lawsuit, rely upon a system of external sensors which, by design, should prevent the vehicle from
22  automatically accelerating without the vehicle's operator's direction.  The vehicle should not
23  accelerate, without the input of the operator, in such a way as to cause damage, harm, or injury.

24      21.   At the time of the design, manufacture, distribution, and delivery into the stream of
25  commerce of the SUBJECT VEHICLE, it lacked a safe and properly functioning acceleration
26  system. As a result, it could and would unexpectedly accelerate without the vehicle operator's
27  knowledge or intention.

28      22.   Notwithstanding the fact that the SUBJECT VEHICLE was marketed and sold as a

-5-

**Amended Complaint**

1   "state of the art" automobile, the vehicle was without effective safe acceleration and crash
2   avoidance features that were operable on the date of this collision. By that date, multiple other
3   manufacturers of less expensive vehicles, including Subaru, Mazda, Chrysler Mitsubishi, and
4   Honda, all had vehicles in production with safe acceleration system features available no later
5   than the 2015 Model year.

6       23.   Plaintiff LAILA SULTANI purchased the SUBJECT VEHICLE from the Defendants
7   TESLA INC. and DOES 1 – 50, and each of them, in May 2023. At no time at or after the
8   purchase of said vehicle did Plaintiffs LAILA SULTANI and S█████ S█████ or any person on her
9   behalf, alter, modify, or change any aspect or component of the vehicle's design or manufacture.

10      24.   By reason of the foregoing, and as a direct and legal result of the defective state of
11   the SUBJECT VEHICLE, and strictly liable conduct of Defendants, and DOES, and each of them,
12   Plaintiffs LAILA SULTANI and S█████ S█████ sustained bodily injuries and were injured in their
13   health, strength, and activity, sustaining injuries to their bodies, and shock and injury to their
14   nervous systems and person, all of which have caused, and continue to cause Plaintiffs great
15   physical, mental, and nervous pain and suffering.

16      25.   As a direct and proximate result of the alleged defects in the SUBJECT VEHICLE and
17   the conduct of Defendants TESLA INC. and DOES 1 – 50, and each of them, Plaintiffs LAILA
18   SULTANI and SAMAR SULTANI, were compelled to, did, and will in the future employ the services
19   of hospitals, physicians, surgeons, nurses, and the like, to care for and treat them, and did incur
20   hospital, medical, professional and incidental expenses. Plaintiffs LAILA SULTANI and S█████
21   S█████ are further informed and believe, and thereupon allege, that by reasons of their injuries,
22   they will necessarily incur additional like expenses for an indefinite period of time in the future,
23   the exact amount of which will be stated according to proof.

24      26.   By reason of the forgoing, Plaintiffs LAILA SULTANI and S█████ S█████ have
25   sustained economic and non-economic damages as set forth herein, the exact amount of such
26   losses will be stated according to proof, pursuant to California Code of Civil Procedure Section
27   425.10.

28      27.   Said conduct, in addition to establishing liability based upon strict product liability

-6-

**Amended Complaint**

1  rules in California, constitutes foreseeable general negligence by Defendants TESLA INC. and

2  DOES 1 – 50, and each of them.

3      WHEREFORE, Plaintiffs LAILA SULTANI and S███ S█████ pray for judgment against

4  Defendants TESLA INC. and DOES 1 – 50, and each of them, inclusive, as follows:

5      1.    General damages in an amount as yet unknown, but in excess of the minimum

6  jurisdictional limit of this court;

7      2.    For all past and future medical and incidental expenses, according to proof;

8      3.    All loss of earning and earning capacity, according to proof;

9      4.    Prejudgment interest according to law on all general and special damages;

10     5.    For cost of suit as to all Defendants; and,

11     6.    For such other and further relief as this court may deem just and proper.

12     As a separate second cause of action, Plaintiffs LAILA SULTANI and S███ S█████

13  complain against Defendants TESLA INC. and DOES 1 – 50, and each of them, and allege:

14  **SECOND CAUSE OF ACTION**
**(NEGLIGENCE – PRODUCTS)**

15  **As Against Defendants Tesla Inc., and DOES 1 through 50, inclusive, and each of them.**

16     28.   Plaintiffs LAILA SULTANI and S███ S█████ reallege and incorporate their First

17  Cause of Action as if set forth here at length.

18     29.   Said conduct, in addition to establishing liability based upon strict product liability

19  rules in California, constitutes foreseeable general negligence by Defendants and each of them.

20  Their conduct in the designing, marketing, use, set up, inspection, testing, and warning to

21  consumers who use the SUBJECT VEHICLE automobile was unreasonable and dangerous under

22  the circumstances.

23     30.   At all relevant times herein, Defendants TESLA INC., and DOES, and each of them,

24  were negligent and careless in their design, manufacture, testing, marketing, sale and

25  maintenance of the SUBJECT VEHICLE, and Defendants TESLA INC., and DOES, and each of

26  them, were negligent and careless in failing to provide adequate instructions and warnings to

27  protect against injuries occurring as a result of vehicle acceleration malfunction, as occurred here.

28     31.   By reason of the foregoing, and as a direct and legal cause of the negligence and

-7-

1  carelessness of the Defendants TESLA INC., and DOES, and each of them, Plaintiffs LAILA

2  SULTANI and S‌‌‌‌ S‌‌‌‌ have incurred economic damages, the precise amount of such

3  expenses by way of amendment when the same have finally been determined.

4      32.    By reason of the foregoing, and as a direct and legal result of the negligence and

5  carelessness of Defendants TESLA INC., and DOES, and each of them, Plaintiffs LAILA SULTANI

6  and S‌‌‌ S‌‌‌‌ have sustained non-economic damages in a sum in excess of the minimum

7  jurisdictional limits of this court.

8      WHEREFORE, Plaintiffs LAILA SULTANI and S‌‌‌‌ S‌‌‌‌ pray for judgment against

9  Defendants, TESLA INC., and DOES 1 through 50, inclusive, and each of them, as follows:

10      1.    General damages in an amount as yet unknown, but in excess of the minimum

11  jurisdictional limit of this court;

12      2.    For all past and future medical and incidental expenses, according to proof;

13      3.    All loss of earning and earning capacity, according to proof;

14      4.    Prejudgment interest according to law on all general and special damages;

15      5.    For cost of suit as to all Defendants; and,

16      6.    For such other and further relief as this court may deem just and proper.

17                      **THIRD CAUSE OF ACTION**
**(NEGLIGENCE – POST-SALE)**

18  **As Against Defendants Tesla Inc., and DOES 1 through 50, inclusive, and each of them.**

19      31.    Plaintiffs LAILA SULTANI and S‌‌‌‌ S‌‌‌‌ reallege and incorporate their First

20  Two Causes of Action as if set forth here at length.

21      32.    For the reasons set forth above, and as a result of information acquired after the

22  design and marketing of the SUBJECT VEHICLE, which such information was acquired through

23  lawsuits, claims, information available from the U.S. Department of Transportation and the

24  National Highway Transportation Safety Administration, as well as other sources, the of

25  Defendants TESLA INC., and DOES, and each of them, herein knew or should have known that the

26  SUBJECT VEHICLE was likely to cause injury to its occupants by automatically accelerating without

27  the operator's direction when used in a reasonably foreseeable manner.

28      33.    At all times relevant herein, Defendants TESLA INC. and DOES 1 – 50, and each of

-8-

**Amended Complaint**

1   them, had the technical ability and knowledge to identify purchasers, owners, and/or users of the

2   SUBJECT VEHICLE being driven by the Plaintiffs.

3       34.   At all times herein mentioned, Defendants TESLA INC. and DOES 1 – 50, and each

4   of them, knew or should have known that purchasers, owners and/or users of the Tesla Model 3

5   such as the SUBJECT VEHICLE used by the Plaintiffs were unaware of defects in the vehicle.

6       35.   At all times herein mentioned, a reasonable and truthful notification, notice,

7   advisory, and/or warning could have been effectively communicated to, and acted on, by

8   purchasers, owners, and/or users of the SUBJECT VEHICLE as to avoid injury from vehicles

9   automatically accelerating without operator direction.

10       36.   At all times herein mentioned, a reasonable manufacturer, supplier, seller, or

11   distributor in the same or similar position as Defendants TESLA INC. and DOES 1 – 50, and each

12   of them, would have issued a recall, instituted a product exchange program, and/or provided a

13   warning to the public, purchasers, users, and consumers of the SUBJECT VEHICLE of the product's

14   affected condition, in light of the risk of harm and despite any burden imposed by providing a

15   warning.

16       37.   By reasons foregoing, and as a direct and legal result of the negligent failure of

17   Defendants TESLA INC. and DOES 1 – 50, and each of them, to issue a recall, institute a product

18   exchange program, and/or provide an adequate warning, notice, notification, or any warning or at

19   all, to the public, purchasers, users, and consumers of the SUBJECT VEHICLE after the original

20   introduction of the vehicle into the U.S. market, Plaintiffs LAILA SULTANI and S█████S█

21   suffered injuries herein described.

22       38.   By reason of the forgoing and as a direct and legal result of the foregoing, Plaintiffs

23   LAILA SULTANI and S████S█████, were caused to suffer the injuries, harms, and losses herein

24   described.

25       WHEREFORE, Plaintiffs LAILA SULTANI and S████S█████ pray for judgment against

26   Defendants, TESLA INC., and DOES 1 through 50, inclusive, and each of them, as follows:

27       1.   General damages in an amount as yet unknown, but in excess of the minimum

28   jurisdictional limit of this court;

-9-

**Amended Complaint**

1    2.    For all past and future medical and incidental expenses, according to proof;

2    3.    All loss of earning and earning capacity, according to proof;

3    4.    Prejudgment interest according to law on all general and special damages;

4    5.    For cost of suit as to all Defendants; and,

5    6.    For such other and further relief as this court may deem just and proper.

6

7    DATED: March 11, 2024                    **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

8                                         

9                                  By: _____

10                                       RYAN L. DOSTART

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

**Amended Complaint**

# EXHIBIT C

Lauren O. Miller (CA SBN 279448)
millerl@tesla.com
510-362-3599
Ryan A. McCarthy (CA SBN 233093)
rmccarthy@tesla.com
510-602-3267
**TESLA INC.**
3000 Hanover Street
Palo Alto, CA 94304

Attorneys for Defendant TESLA, INC.

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
05/10/2024
By: _____ V. Bloxson _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

LAILA SULTANI, and S█████ S██████ a
minor, by and through her Guardian       m
EHSAN SULTANI,

    Plaintiff,

    vs.

TESLA, INC., doing business in California as
TESLA MOTORS, INC., and DOES 1 through
50, inclusive,

    Defendants.

Case No. 24CV004635

**DEFENDANT TESLA, INC.'S ANSWER
TO PLAINTIFFS' AMENDED
COMPLAINT**

Date Filed: March 8, 2024

Defendant Tesla, Inc., by and through its attorneys, answers the Amended Complaint of Plaintiffs Laila Sultani and S█████ S██████ by and through her guardian ad litem Ehsan Sultani ("Plaintiffs"), as follows:

## <u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure section 431.30(d), Tesla denies each and every allegation, both specifically and generally, of each cause of action contained in the Amended Complaint and denies that Plaintiffs sustained or will sustain damages in any sum at all.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

The Amended Complaint, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against Tesla.

1

## SECOND AFFIRMATIVE DEFENSE

2       Tesla is informed and believes and on that basis alleges that any injuries or damages

3 sustained by Plaintiffs were caused or contributed to by the negligence or other wrongful conduct

4 of persons, firms, partnerships, corporations, municipalities, or entities other than Tesla, including

5 but not limited to any unnamed Doe Defendant, and that said negligence or other wrongful conduct

6 comparatively reduces the percentage of negligence or other liability, if any, of Tesla.

7

## THIRD AFFIRMATIVE DEFENSE

8       Tesla is informed and believes and on that basis alleges that the injuries and damages

9 sustained by Plaintiffs alleged in the Amended Complaint were directly and proximately caused by

10 the superseding, intervening acts and omissions of a third party or third parties for which Tesla is

11 neither responsible nor liable.

12

## FOURTH AFFIRMATIVE DEFENSE

13       Tesla is informed and believes and on that basis alleges that the injuries and damages

14 sustained by Plaintiffs alleged in the Amended Complaint were legally and proximately caused or

15 contributed to by the negligence, fault, negligence per se, assumption of risk, and other culpable

16 conduct of Plaintiffs, and that the amount of damages, if any, that Plaintiffs may recover against

17 Tesla must be diminished in the proportion that such conduct contributed to the alleged injuries,

18 losses, or damages sustained by Plaintiffs.

19

## FIFTH AFFIRMATIVE DEFENSE

20       Tesla is informed and believes and on that basis alleges that the damages and injuries

21 sustained by Plaintiffs as alleged in the Amended Complaint were legally and proximately caused

22 by, and arose out of, risks of which Plaintiffs knew and understood.

23

## SIXTH AFFIRMATIVE DEFENSE

24       Tesla is informed and believes and on that basis alleges that Plaintiffs failed to mitigate their

25 damages, if any, in the manner and to the extent required by law.

26

## SEVENTH AFFIRMATIVE DEFENSE

27       Tesla is informed and believes and on that basis alleges that, if there is any comparative

28 fault attributed to individuals or entities other than Tesla, including but not limited to any unnamed

Doe Defendant, then California Civil Code sections 1431, et seq. provide that this percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiffs can recover from Tesla.

**EIGHTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that Plaintiffs' causes of action against Tesla are barred by the applicable statute of limitations, including the statute of limitations set forth in California Code of Civil Procedure sections 335.1, 337, and 338 or any other applicable statutes of limitation or statutes of repose.

**NINTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that Plaintiffs' claims against Tesla are barred by a prior settlement or release of all claims.

**TENTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that Plaintiffs unreasonably delayed in bringing suit against Tesla, which prejudiced Tesla, and consequently that Plaintiffs' causes of action against Tesla are barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that by virtue of Plaintiffs' actions and conduct prior to the filing of the Amended Complaint, Plaintiffs are barred from seeking or being awarded any relief herein by the doctrines of waiver or estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that Plaintiffs are barred from seeking or being awarded any relief herein by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that Plaintiffs are barred from obtaining any recovery on the allegations in the Amended Complaint because Tesla has abided by all applicable laws, regulations, and statutes.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and on that basis alleges that Plaintiffs' claims against Tesla

3

are preempted, in whole or in part, by federal law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Tesla is informed and believes and on that basis alleges that Plaintiffs are precluded from proceeding against Tesla by reason of their negligent or otherwise wrongful failure to preserve or to cause others to preserve evidence relating to the accident that forms the subject matter of this action, including but not limited to the vehicle described in the Amended Complaint, and its component parts.

### SIXTEENTH AFFIRMATIVE DEFENSE

Tesla is informed and believes and on that basis alleges that it will not be able to defend this action or, alternatively, that its defense has been substantially interfered with because of the loss, alteration, destruction, or failure to preserve evidence involved in this action including, but not limited to, the subject vehicle or its component parts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Tesla is informed and believes and on that basis alleges that the damages and injuries alleged in the Amended Complaint were legally and proximately caused by the alteration or modification of the subject vehicle or its component parts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Tesla is informed and believes and on that basis alleges that the damages and injuries alleged in the Amended Complaint were legally and proximately caused by the unforeseeable misuse of the subject vehicle or its component parts.

### NINETEENTH AFFIRMATIVE DEFENSE

Tesla is informed and believes and on that basis alleges that the damages and injuries alleged in the Amended Complaint were legally and proximately caused by, and arose out of, risks that were outweighed by the benefits of the subject vehicle's design.

### TWENTIETH AFFIRMATIVE DEFENSE

Tesla discharged its duty to warn, if any, concerning the subject vehicle or its component parts by providing adequate warnings and instructions to persons in the chain of distribution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Tesla is informed and believes and on that basis alleges that Tesla had no duty to issue a recall related to the subject vehicle given the circumstances and facts alleged in Plaintiff's Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Tesla reserves the right to amend its answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Tesla prays as follows:

1.    For dismissal of the Amended Complaint with prejudice;

2.    For a judgment in favor of Tesla and against Plaintiffs;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Tesla hereby demands a trial by jury.

DATED:  May 10, 2024                TESLA, INC.

By:    _____
Ryan A. McCarthy
Lauren O. Miller
Attorneys for Defendant
TESLA, INC.

ANSWER TO AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE
*CCP 1013A(3)*

**STATE OF OREGON, COUNTY OF CLACKAMAS**

I am employed in the County of Santa Clara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3000 Hanover Street, Palo Alto, California 94304.

On May 10, 2024, I caused to be served the foregoing documents described as:

- **DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

on all interested parties in this action by placing true copy(ies) thereof addressed as follows:

**SEE ATTACHED SERVICE LIST**

( )    **BY MAIL (CCP §1013(a) and §2015.5):** As follows:  I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fremont, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )    **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

( )    **BY FACSIMILE (CRC 2.306 and §2015.5):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service/mailing list and the transmission(s) reported as complete and without error.  The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g), and no error was reported by the machine.  Pursuant to CRC, Rule 2.306(g), I caused the facsimile machine to print a transmission(s) record, a true and correct copy of which is attached hereto.

(**X**)    **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

Executed on May 10, 2024 at West Linn, Oregon.

(X) (State)  I declare under penalty of perjury under the laws of the States of California and Oregon that the above is true and correct.

*Ryan A. McCarthy*
Ryan A. McCarthy

1    **SERVICE/MAILING LIST**
     **Laila Sultani, et al. v. Tesla, Inc.**
2    Sacramento County Superior Court Case No: 24CV004635

3

      Ryan L. Dostart                                    **Plaintiffs**
4     Dreyer Babich Buccola Wood Campora, LLP            Tel:    (916) 379-3500
      20 Bicentennial Circle                             Email: rdostart@dbbwc.com; DBBWC-
5     Sacramento, CA 95826                               ESERVICE@dbbwc.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE