UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA SULTANI, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TESLA, INC.,<br><br>　　　　Defendant. | No. 2:24–cv–01445–CKD<br><br>PRETRIAL SCHEDULING ORDER |

　　　READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

　　　This action was filed in state court on March 8, 2024 and removed to federal court on May 20, 2024. ECF No. 1. Defendant has filed an answer to the amended complaint. ECF No. 1 at 33-37. The parties have consented to magistrate judge jurisdiction for all purposes. ECF No. 7. After considering the parties' joint status report (ECF No. 4), the Court issues the following pretrial scheduling order.

////

////

NATURE OF THE CASE

On May 12, 2023, Sacramento resident and plaintiff Laila Sultani pulled into her garage in her 2023 Tesla Model 3. See ECF No. 22-31 (First Amended Complaint or "FAC").  Her minor daughter, co-plaintiff S., was in the passenger seat.  Plaintiffs allege that the vehicle suddenly accelerated without any input from the driver and collided with the back of plaintiffs' garage, causing injuries to plaintiffs.  Plaintiffs assert claims of product liability and negligence and seek damages including medical expenses and loss of earnings.

SERVICE OF PROCESS

Defendant has been served and has appeared.  No further service is permitted except with leave of Court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

Defendant has answered the amended complaint, and the parties agreed that the last day to make amendments to the pleadings was October 17, 2024.  No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

 Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

To the extent that the parties have not already done so, the parties shall exchange initial disclosures within thirty days of this order.[1]  Such disclosures shall include production of any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[2] by **May 19, 2025**.  Any discovery-related

---

[1] The parties agreed to exchange initial disclosures in September 2024.

[2] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/. Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to inquire regarding Judge Delaney's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **June 2, 2025.** Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2). Expert disclosures shall be filed with the Court and served upon all other

1   parties.  All expert discovery shall be completed (see fn. 2) by **August 19, 2025.**  The same

2   procedures for fact–discovery disputes applies to expert–discovery disputes.

3          An expert witness not timely disclosed will not be permitted to testify unless the party

4   offering the witness demonstrates that: (a) the necessity of the witness could not have been

5   reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing

6   counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly

7   proffered for deposition.  Failure to provide the information required by Federal Rule of Civil

8   Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's

9   testimony or other appropriate sanctions.

10          LAW AND MOTION

11          All law and motion, except as to discovery-related matters, shall be completed (i.e. heard)

12   by **September 26, 2025.**  Counsel and/or parties proceeding without counsel are cautioned to

13   refer to the Local Rules regarding the requirements for noticing such motions on the Court's

14   regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230.

15   Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.  This paragraph does

16   not preclude motions for continuances, motions in limine related to trial, temporary restraining

17   orders, or other emergency applications, for which the Court may set a special briefing schedule,

18   if necessary or appropriate.

19          ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

20   MOTION.  The purpose of law and motion is to narrow and refine the legal issues raised by the

21   case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial

22   motion.  To accomplish that purpose, the parties need to identify and fully research the issues

23   presented by the case, then examine those issues in light of the evidence obtained through

24   discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be

25   resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and

26   motion cutoff set forth above.  Conversely, motions in limine are procedural devices designed to

27   address the admissibility of evidence.  THE COURT WILL LOOK WITH DISFAVOR UPON

28   SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE

1 AT THE TIME OF TRIAL.

## FINAL PRETRIAL CONFERENCE/TRIAL SETTING

The undersigned declines to set final pretrial conference and trial dates at this juncture. Instead, the Court orders the parties to submit a Notice of Trial Readiness on one of the following timelines:

    A. After resolution of any pending dispositive motions, the parties are to submit the Notice not later than thirty (30) days after receiving the Court's ruling(s) on the last filed dispositive motion(s); or

    B. If the parties do not intend to file dispositive motions, the parties are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference. The Notice shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth dates for a final pretrial conference and trial.

## OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

## SETTLEMENT CONFERENCE

The parties are willing to participate in a settlement conference. Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

## MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this

order shall not be modified except by leave of court upon a showing of "good cause."  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  Mere agreement by the parties pursuant to a stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated:  February 24, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/sultani1445.pretrialso