Lauren O. Miller (CA SBN 279448)
millerl@tesla.com
Lindsey R. Adams-Hess (SBN 260600)
ladamshess@tesla.com
**TESLA, INC.**
3000 Hanover Street
Palo Alto, CA 94304
Telephone: 510-362-3599

*Attorneys for Defendant TESLA, INC.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA SULTANI, and S.S., a minor, by and through her Guardian Ad Litem EHSAN SULTANI,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., doing business in California as TESLA MOTORS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24−CV−01445−JAM−CKD<br><br>[Originally Filed in Sacramento County Superior Court, Case No. 24CV004635]<br><br>**STIPULATED PROTECTIVE ORDER [WITH MODIFICATION BY THE COURT]**<br><br>Action Filed: March 8, 2024<br>Trial Date: Not set |

WHEREAS the Plaintiffs and Defendant Tesla, Inc. (collectively "the Parties" and individually "Party") wish to engage in discovery, including production of confidential business information or proprietary information and other materials in the above-entitled action ("the Action");

WHEREAS the Parties are in agreement for a Protective Order to be entered by the Court based upon the stipulation below pursuant to Local Rule 141.1:

NOW, THEREFORE, in order to protect such information, as may be entitled to protection, and which is produced in connection with this case including documents, deposition testimony, deposition exhibits, interrogatory responses, responses to request for admission, responses to request for production of documents, and all other discovery obtained in connection with this Action

("Discovery Material"), the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, agree as follows:

**I.    DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**

1. The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. To the extent it is practical to do so, the designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

2. Any Party or non-party ("Producing Party") may designate Discovery Material as "Confidential" or "Highly Confidential" (hereinafter referred to collectively as "Covered Information") under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Covered Information meets the criteria set forth below.

   a. **Confidential Information.** For purposes of this Protective Order, Confidential Information includes information that a Producing Party believes in good faith to be confidential business or financial information including (i) business plans; (ii) operational data; (iii) competitive analysis; (iv) technical information; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information and customer information; (viii) Tesla current/former employee personal identifying information; and (ix) development, design, and testing of Tesla systems, components, or vehicles, that at the time of the designation as Confidential Information does not fall under the more restrictive criteria of Highly Confidential Information.

   b. **Highly Confidential Information.** For purposes of this Protective Order, Highly Confidential Information includes Confidential Information that contains highly sensitive competitive trade secrets, confidential business, technical, design, development and/or proprietary information that warrants the highest level of confidentiality the disclosure of which will be detrimental to the Producing Party's business and will place the Producing Party at a competitive disadvantage.

3. In no instance may any person or entity to whom disclosure of Covered Information is authorized remove or obscure portions of or otherwise modify a document or other Covered Information in a manner that either removes an assigned Bates Number and/or confidential designation. Any and all of the following must be marked with the appropriate confidential designation: (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Covered Information.

4. Copies of discovery responses and documents containing Covered Information shall not be filed with the Court, except in accordance with Paragraph 5.

5. In connection with any discovery motions or pre-trial proceedings as to which a Party submits Covered Information, except where contrary to Court rules, all documents and chamber copies containing Covered Information shall be filed with the Court in sealed envelopes or other appropriate sealed containers. The word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be stamped on the envelope and the following statement shall be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential/Highly Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the Parties."

To the extent the Court's local rules require a different procedure, the Parties shall follow local rules.

6. The designation of Covered Information in a document or discovery response shall be made by labeling each page containing Covered Information with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in one or more margin of the page. Where a document or response consists of more than one page not all of which contain Covered Information, at minimum the first page shall also be so labeled. In the case of information disclosed as a native file, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label shall be affixed on a slip sheet identifying the control number of the document, as well as part of the file name. Information disclosed in or by a non-paper medium (*e.g.*, video/audio media (tape, CD, thumb drive, external hard

drive) or other electronic or tangible thing), shall have a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label affixed to the outside of the medium or its container, so as to clearly give notice of the designation. The Parties shall not modify the file name in order to ensure anyone receiving or having access to the Covered Information is aware of its status as such.

7. Inadvertent or unintentional production of documents or information containing Covered Information that should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality and will be deemed Covered Information upon notice to all parties receiving such inadvertent or unintentional production. Likewise, the production of privileged or work-product protected documents or information, or private information of third parties, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Producing Party may replace ("claw-back") the information with appropriate redactions and the Parties must return and/or destroy the information without redactions within five (5) days of receipt of the properly redacted version.

8. Any notes, lists memoranda, indices, compilations, electronically stored information, reports, records, and documents prepared or based on an examination of Covered Information and any summaries of Covered Information which quote from, identify, or refer to the Covered Information with such specificity that the Covered Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate for the information on which the material is based, and shall be subject to all of the terms of this Protective Order.

9. A Producing Party may designate information disclosed during a deposition as Confidential Information or Highly Confidential Information by so indicating on the record at the deposition. A Producing Party may designate the entire deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the scope of the witness's testimony and/or the content of the exhibits, in large part, comprise Confidential Information and/or Highly Confidential Information.

Any Party opposing such designation may identify the challenged testimony by page and line, and the dispute will be handled as proscribed in Paragraphs 12 and 13. The Court Reporter will be instructed by counsel for the Producing Party how the Covered Information shall be marked and bound. The Court Reporter shall operate in a manner consistent with this Protective Order, including but not limited to, the use and security of Covered Information as set forth in Paragraphs 14 and 15, and 21 and 22.  and separately label the confidential portions of the deposition transcript, including documents and other exhibits containing the Covered Information as Confidential Information or Highly Confidential Information.  The Covered Information shall be separately bound. Those pages in any transcript referring to Covered Information shall include a stamp identifying all such pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Failure of the Court Reporter to operate in this manner shall not constitute a waiver by the Producing Party as to the status of the testimony as Covered Information.

10. Deposition testimony or information disclosed during the deposition that is not designated as Covered Information at the deposition may be so designated by a Producing Party within thirty (30) court days of receipt of the deposition transcript, by giving written notice to all Parties of the page and line numbers where the newly designated information appears on the rough deposition transcript. All rough or final deposition transcripts shall be treated as Covered Information until thirty (30) court days after receipt of the final deposition transcript from the court reporter. Should a pending motion or procedural requirement necessitate an earlier date, the Parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

11. Any non-party producing documents in this Action may obtain the protections of this Protective Order by consenting to the jurisdiction of this Court solely with regard to the production of its or their documents by designating any discovery in accordance with the provisions of this Protective Order.  Such designation shall confer upon the non-party all of the rights and obligations of a designating Party as set forth herein. Non-parties are not entitled to receipt or review of Covered Information produced by any other Producing Party unless all Parties agree in writing, and the non-party also executes Exhibit A prior to receipt or review of the Covered Information.

## II. CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL INFORMATION"

12. If a Party contends that any material is not entitled to confidential treatment, within thirty (30) court days of receiving the Covered Information, such Party must give written notice to the Producing Party who designated the material by: (1) providing the Bates number of each challenged document or the page and line of each portion of testimony subject to challenge and (2) state the basis for each challenge. The Parties agree that such challenges shall be made in good faith. In the case of materials or testimony designated as Highly Confidential Information, the Party challenging the designation must state whether their position is the material should be designated as Confidential Information or have no designation under this Protective Order. The Parties shall meet and confer regarding the challenged designations within thirty (30) court days of receipt of the challenge. If the challenge is not resolved in the meet-and-confer process, the Producing Party shall have thirty (30) court days from the date of the termination of the meet and confer effort to seek an order from the Court that such designated material is subject to protection as Confidential Information or Highly Confidential Information. If a motion is not timely filed, the challenged material shall lose its designated protection and be assigned the protection requested by the challenging Party. If the Producing Party files a motion with the Court, the designated items shall remain protected pursuant to their designation until the Court rules on the motion.

13. Notwithstanding any challenge to the designation of material as Covered Information as described in Paragraph 12, all documents shall be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

   a. the Producing Party who claims that the material is Covered Information withdraws such designation in writing; or

   b. the Producing Party who claims that the material is Covered Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

   c. the Court rules the material is not Confidential Information or Highly

Confidential Information.

## III. USE OF AND ACCESS TO "CONFIDENTIAL INFORMATION" AND "HIGHLY CONFIDENTIAL INFORMATION"

14. Confidential Information and Highly Confidential Information may only be used for the purpose of the above-captioned litigation and shall not be used for any business, commercial, competitive, personal, or other purpose. Persons or entities receiving Covered Information shall not under any circumstances sell, offer for sale, advertise, make available for download or copying, or publicize Covered Information or any information contained therein on any document sharing software, database or platform, nor publicize their possession of, receipt of, or familiarity with Covered Information.

15. Confidential Information and Highly Confidential Information may not, under any circumstances, be uploaded to, shared with or used on any generative artificial intelligence (Generative AI) or large language model (LLM) tools, including any third-party, public or internal tools whatsoever.

16. Confidential Information may only be disclosed to the following persons:

   a. The Court, its personnel necessary to assist the Court in its function, and court appointed discovery referees;

   b. Mediators or referees retained by the Parties in this Action for purposes of settlement negotiations or discovery disputes;

   c. The Parties;

   d. Counsel of record for the Parties, and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   e. Litigation support services, including outside copying services, court reporters, videographers, or electronic discovery vendors, retained in connection with this Action by a Party or its counsel;

   f. Except persons subject to the limitation set forth in Paragraph 19, any individual expert, consultant, or expert consulting firm retained by counsel of record in connection

with this Action, to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided that: (i) the expert/consultant maintains security of the Confidential Information and limits disclosure of it to only those Designated Expert Personnel to whom disclosure is required for the expert, consultant, or expert consulting firm to complete their work in this Action; and (ii) the Confidential Information disclosed is used solely in connection with this Action;

      g.      Except persons subject to the limitation set forth in Paragraph 19, any person (i) who created, authored, received, or reviewed such Confidential Information; (ii) is or was a custodian of the Confidential Information; (iii) is identified in Confidential Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Information, provided any former employee of the Producing Party shall execute Exhibit A pursuant to Paragraph 20(a); and

      h.      any other person as may be designated by written agreement by the Producing Party or by order of the Court, provided that they execute Exhibit A pursuant to Paragraph 19(a).

      17.      Highly Confidential Information may only be disclosed to the persons identified in Paragraphs 15(a), (d), (e), (f), (g) and (h).

      18.      Producing Party may share Covered Information with its own individual experts/consultants or Designated Expert Personnel without requiring compliance with this Protective Order.

      19.      Any current owner, director, employee or consultant of any Competitor of Tesla, or any individual or entity engaged in conduct that presents a risk to the security and/or preservation of Tesla's Highly Confidential Information or risk of disclosure thereof, regardless of whether they have previously received, reviewed, or authored the Highly Confidential Information, may not receive, review or have read to them any information that is designated Highly Confidential. As used herein, "Competitor" includes but is not limited to any individual or entity engaged in the research, development, or design of vehicle or battery systems, components, or technologies, including

Advanced Driver Assistance Systems, autonomous vehicles and systems, electric vehicles and components, computer vision technologies, and machine learning and artificial intelligence technologies.

20. **NON-DISCLOSURE AGREEMENT.** With the exception of those described in paragraphs 16(a), (c), and (d) above, all individuals to whom Confidential Information or Highly Confidential Information is disclosed shall execute a Non-Disclosure Agreement in the form attached as Exhibit A prior to receiving such information, as described below. In the case of an individual expert, consultant, or expert consulting firm described in Paragraph 16(f), the expert/consultant shall sign Exhibit A on their own behalf and on behalf of any Designated Expert Personnel to whom disclosure is required for the expert, consultant, or expert consulting firm to complete their work in this Action.

    a.    Individuals to whom only Confidential Information is disclosed:

(i) For individuals other than experts/consultants described in Paragraph 16(f), copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information and provided to counsel for Producing party at the conclusion of this Action;

(ii) For experts/consultants described in Paragraph 16(f) receiving only Confidential Information, the executed Exhibit A shall be provided to counsel for the Producing Party at the time of expert disclosures for any designated experts, and at the conclusion of this Action for any consultants or experts that were retained but not designated.

    b.    Individuals to whom Highly Confidential Information is disclosed:

(i) An Exhibit A executed by any individual to whom a Party intends to disclose Highly Confidential Information must be provided to counsel for the Producing Party at least five (5) court days before any Highly Confidential Information may be disclosed, during which period Producing Party may object to the disclosure of Highly Confidential Information.

(ii) The Parties agree to promptly meet and confer to attempt to resolve in good faith any objection to the disclosure of Highly Confidential Information. If the Parties are unable to resolve an objection, Producing Party may file a motion seeking a Protective Order with respect to

the proposed disclosure within fourteen (14) calendar days of receipt of the Exhibit A, or within such other time the Parties may agree.  Information that is the subject of an objection to disclosure *may not be disclosed* until all objections are resolved by the Parties' agreement or Court order.

21.  **SECURITY OF COVERED INFORMATION.** Any person in possession of a Producing Party's Covered Information shall: maintain such information in a secure and safe manner including appropriate administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Covered Information against threats or hazards to the security of such Covered Information, and protect against unauthorized access to Covered Information; shall ensure that access is limited to the persons authorized under this Protective Order; and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary or privileged information.  Covered Information may not be disseminated by email, other non-secured means, or document sharing platforms including Dropbox, Google Drive, OneDrive etc.; a secure FTP site is permitted as is an encrypted, password protected flash drive, but in both instances the password must be separately transmitted to the recipient.

22.  Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is made and shall make reasonable efforts to retrieve all such Covered Information. Each Party shall cooperate in good faith in that effort.

23.  In the event of a remote deposition that is reasonably expected to discuss Covered Information, the Party who would be reasonably expected to designate information Confidential or

Highly Confidential may choose the remote deposition platform—such as Microsoft Teams—to ensure the security of the remote deposition.

## IV. INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"

24. In the event that information is produced by a Producing Party without a Confidential or Highly Confidential designation and then later designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", upon written notice of the inadvertent production, all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Covered Information pursuant to the terms of this Protective Order.

## V. MISCELLANEOUS TERMS

25. All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

26. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

27. A person with custody of documents designated as Covered Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to examine them.

28. The use of Covered Information at any trial proceeding shall be governed by California law. The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

29. The terms of this Protective Order do not preclude Tesla, Inc. from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA") either voluntarily or in connection with Tesla, Inc.'s obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

30. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information or Highly Confidential Information.

31. Within 60 days after the conclusion of this Action (entry of final judgment or upon the expiration of the date to file a Notice of Appeal), all produced documents, including all copies, extracts, and summaries, that contain or reflect Covered Information shall be returned to counsel for the Producing Party and all electronic copies will be destroyed and deleted from any and all storage locations, including but not limited to, computers, hard drivers, servers, or cloud storage. The Party and all third parties given the Covered Information will execute Exhibit B and provide a copy of the same to Producing Party certifying compliance with this provision.

32. Failure to comply with, or a violation of the terms of this Order, shall be considered a material breach for which an aggrieved Party may seek any and all relief from this Court, including an order enforcing compliance, order of contempt, monetary or other sanctions, and any and all consequential damages, plus punitive damages when a violation is intentional or involved oppression, fraud, or malice. A party who moves to enforce the terms of this Order and is the prevailing party in that motion may be awarded reasonable attorney's fees and costs.

SO STIPULATED.

DATED: _____, 2025

BY:  _____
Ryan Dostart
Attorneys for Plaintiffs

DATED: _____, 2025

BY: _____
  Lauren O. Miller
  Attorneys for Defendant

**ORDER.**

The Court has reviewed the parties' stipulated protective order. (ECF No. 10.) The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The Court APPROVES the protective order, subject to the following clarifications. The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see also, e.g.*, *MD Helicopters, Inc. v. Aerometals, Inc.*, 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Further, this Stipulated Protective Order does not entitle a party to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. If a party's request to file confidential material under seal is denied by the Court, then the party may file the information in the public record unless otherwise instructed by the Court.

Dated: June 5, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA SULTANI, and S.S., a minor, by and through her Guardian Ad Litem EHSAN SULTANI,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., doing business in California as TESLA MOTORS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24−CV−01445−JAM−CKD<br><br>[Originally Filed in Sacramento County Superior Court, Case No. 24CV004635]<br><br>Action Filed: March 8, 2024<br>Trial Date: Not set |

# EXHIBIT A

I hereby certify that I have read the Protective Order entered in the above-entitled case (this "Action"). Before reviewing or receiving access to the contents of any of the documents or material subject to the protection of that Protective Order and as a condition of such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order.

My current occupation is _____.

My current employer is _____.

My address is _____.

I am not an owner, director, employee or consultant of any entity that competes with Tesla or is otherwise engaged in the research, development, or design of vehicle or battery systems, components, or technologies, including Advanced Driver Assistance Systems, autonomous vehicles and systems, electric vehicles and components, computer vision technologies, and machine learning and artificial intelligence technologies.

I understand I cannot share, reveal or discuss the contents of any Confidential or Highly Confidential Information to or with any person who is not entitled to receive such information, except as set forth in the Protective Order.

Within thirty (30) days of the termination of this Action, I will execute Exhibit B and provide a signed Certification of Destruction and will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed.

I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*

_____
*Date Executed*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA SULTANI, and S.S., a minor, by and through her Guardian Ad Litem EHSAN SULTANI,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., doing business in California as TESLA MOTORS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24−CV−01445−JAM−CKD<br><br>[Originally Filed in Sacramento County Superior Court, Case No. 24CV004635]<br><br>Action Filed: March 8, 2024<br>Trial Date: Not set |

**EXHIBIT B**
**CERTIFICATE OF DESTRUCTION**

I hereby certify that I have read the Protective Order entered in the above-entitled case. As of the Date Executed below, the information described below has been returned to counsel for the Party by whom I am employed or counsel for the Producing Party and all electronic copies destroyed and deleted from any and all storage locations, including but not limited to computers, hard drivers, servers, or cloud storage pursuant to the Protective Order.

[Describe documents/information returned/destroyed]

I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*

_____
*Date Executed*